UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE NATHANIEL GLYNN,

Plaintiff,

-against-

DONALD JOHN TRUMP SR,

Defendant.

26-CV-3076 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims against President Donald Trump. By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff's uses the court's general complaint form and alleges violations of his rights under Article II Section 2 of the United States Constitution, and Article III Section 3 of the United States Constitution. (ECF 1 at 2.)

In the Facts section of the complaint form, Plaintiff writes, in full:

> Donald John Trump Sr shall nominate and appoint Jermaine Nathaniel®©™ Glynn judge of the Supreme Court of the United States whose appointment shall be established by law of Article III Constitution of the United States of America.

(*Id*. at 5.) In the Injuries section of the complaint form, Plaintiff writes: "False accusations and blood shed, murder threats." (*Id*. at 6.) In the Relief section, he appears to demand monetary relief. (*Id*.)

## DISCUSSION

### A.    **Plaintiff's claims are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint appears to be premised upon his belief that he should be appointed to the United States Supreme Court. However, a "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertion that he should be a Supreme Court justice. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Because Plaintiff has pleaded no factual predicate in support of his assertions, his allegations are not plausible and the Court must dismiss them as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his

personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

**B.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court directs the Clerk of Court to enter judgment dismissing this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this case.

SO ORDERED.

Dated:    April 27, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge